**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEVEN SOTO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARSHALL DENNEHEY P.C., et al.**<br><br>**Defendants.** | **Civil Action No. 26-2813 (MEF) (MAH)**<br><br>**OPINION** |

## I. INTRODUCTION

This matter comes before the Court on the motion of Plaintiff *pro se*, Steven Soto ("Plaintiff"), to disqualify Howard Mankoff, Esq. ("Mr. Mankoff") and Marshall Dennehey P.C. ("Marshall Dennehey") from representing any Defendant in this action. Mot. to Disqualify, June 5, 2026, D.E. 37. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, Plaintiff's motion to disqualify is **DENIED.**

## II. BACKGROUND

Plaintiff brings this civil rights action, including claims under 42 U.S.C. §§ 1983 and 1985, based on an alleged coordinated scheme beginning in or around 2020 to remove him from his position as pastor at River Edge Church, seize control of church property, and destroy his reputation. The action names numerous defendants. For purposes of the present motion, the relevant parties are as follows: Defendants Marshall Dennehey, Mr. Mankoff, and Justin F.

Johnson, Esq. ("Johnson"), Reform Church in America ("RCA"), and several individuals associated with the RCA (collectively, "RCA Defendants").

Plaintiff filed his First Amended Verified Complaint against Defendants alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 18 U.S.C. § 248, civil conspiracy, malicious prosecution, and tortious interference with Plaintiff's title. *See* Am. Compl., D.E. 13.[1] Plaintiff contends that Defendants schemed to disrupt his church's operations and used force, extortion, intimidation, and deception not only to claim authority over church property but also to destroy Plaintiff's reputation, property rights, and ministry. *Id.* ¶¶ 2, 7.

Plaintiff asserts that Mr. Mankoff, then a Marshall Dennehey shareholder, willfully participated in the foregoing conduct. Specifically, Plaintiff alleges that Mr. Mankoff prosecuted a civil action against Plaintiff on behalf of the RCA Defendants in New Jersey Superior Court alleging malicious prosecution (BER-C-000153-20), which was dismissed with prejudice, and litigated a quitclaim deed case targeting Plaintiff's church property (BER-C-000027-23). Plaintiff further alleges that even after those dismissals, Mr. Mankoff continued to litigate against Plaintiff, appearing as a crossclaim defendant in a foreclosure case (SWC-F-004225-24), in which Mr. Mankoff asserted that his clients owned Plaintiff's church building. *Id.* ¶ 17. Plaintiff contends that Mr. Mankoff thus improperly continued to litigate these claims despite knowing, as a matter of New Jersey law, that claims dismissed with prejudice cannot be relitigated. *Id.* ¶ 18. Plaintiff alleges Marshall Dennehey is liable through the conduct of Mr. Mankoff and its other attorneys. *Id.* ¶¶ 14, 17.

---

[1] The following facts are derived from Plaintiff's First Amended Verified Complaint. Am. Compl., Apr. 8, 2026, D.E. 13. The Court takes no position as to the merits of the allegations or Plaintiff's claims.

Plaintiff moves to disqualify Mr. Mankoff and Marshall Dennehey from representing any party in this action. Mot. to Disqualify, D.E. 37. Plaintiff asserts that Mr. Mankoff "cannot be both a defendant and defense counsel in the same case," and that "his dual role creates an inherent, non-waivable conflict of interest under Rule 1.7" of New Jersey's Rules of Professional Conduct ("RPC"). *Id.* at 9. Plaintiff also asserts that Mr. Mankoff's conflict under RPC 1.7 must be imputed to the Marshall Dennehey law firm. Specifically, Plaintiff contends that under RPC 1.10(a), if the Court disqualifies Mr. Mankoff, it must also disqualify the entire Marshall Dennehey firm from representing any Defendants in this matter. *Id.* at 7. Plaintiff additionally argues that Mr. Mankoff should be disqualified under RPC 3.7 because he is "a necessary witness under" that section. *Id.* at 9. Plaintiff reasons that if "Mankoff is both a witness and an advocate for other defendants [in this case], the jury would be confused and the proceedings would be unfair." *Id.* at 6.

Marshall Dennehey and Messrs. Johnson and Mankoff counter that no conflict exists in this matter because their interests are materially different than those of the RCA Defendants. *See* Br. in Opp'n, July 6, 2026, D.E. 55, at 4. They further note that as of June 30, 2026, Mr. Mankoff is retired from the practice of law and no longer represents any party in this matter, rendering moot any conflict alleged to arise from his dual role as Defendant and advocate.[2] *Id.* at 1; Br. in Opp'n, D.E. 56, at 8. Consequently, even if conflicts did exist here, all Defendants have agreed to provide their informed, written consent and to waive any potential conflicts under RPC 1.7(b). Br. in Opp'n, D.E. 55, at 8. Defendants therefore contend that Marshall Dennehey can represent all of them in this matter without violating RPC 1.7. *Id.*

---

[2] The docket in this matter does not reflect a withdrawal, and still lists Mr. Mankoff as counsel of record for RCA and many of the individual defendants. To ensure that the record is accurate, Mr. Mankoff shall file a notice of withdrawal on or before August 31, 2026.

The RCA Defendants separately oppose the motion. *See* Br. in Opp'n, D.E. 56. They join in the arguments raised by Marshall Dennehey and raise an additional threshold argument that Plaintiff, who has never been a client of Marshall Dennehey and has always been its adversary, lacks standing to seek disqualification based on a conflict of interest between two groups of defendants. *Id.* at 8-9. The RCA Defendants further confirm Mr. Mankoff's retirement and argue that any RPC 3.7 argument is therefore moot. *Id.* at 8.

In response, Plaintiff argues that Mr. Mankoff's retirement is irrelevant to the "institutional conflict" concerning Marshall Dennehey. Reply Br., July 6, 2026, D.E. 57, at 2. Plaintiff additionally asserts the conflict here may not be waivable, as "the RCA Defendants and the law firm defendants may have conflicting interests regarding the allocation of responsibility." *Id.* at 3. Plaintiff then contends that even if the conflict is waivable, a future promise to execute a waiver is not proper informed consent, confirmed in writing as required by RPC 1.7(b)(1). *Id.* at 2.

## III. DISCUSSION

Issues of professional ethics in this district are governed by Local Civil Rule 103.1(a), which provides that "the Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court." *See* L. Civ. R. 103.1(a); *see also Carlyle Towers Condo. Ass'n, Inc. v. Crossland Sav., FSB*, 944 F. Supp. 341, 344 (D.N.J. 1996). Therefore, this Court turns to New Jersey's Rules of Professional Conduct, which are derived from the American Bar Association Model Rules of Professional Conduct ("Model Rules"). *In re Congoleum Corp.*, 426 F.3d 675, 688 (3d Cir. 2005); *Carlyle Towers*, 944 F. Supp. at 345.

As a threshold issue, the RCA Defendants argue that Plaintiff lacks standing to bring this motion. Br. in Opp'n, D.E. 56, at 8-9. Specifically, Defendants contend that because Plaintiff has never been a client of Marshall Dennehey, he cannot seek disqualification based on a conflict of interest that exists between two groups of defendants. *Id.*

The Third Circuit has not resolved this question. In *In re Pressman-Gutman Co.*, 459 F.3d 383, 402 n.20 (3d Cir. 2006), the court acknowledged the issue but declined to decide it. There, the Third Circuit observed that several circuits have permitted adversaries to raise disqualification issues even where the movant is not a current or former client of the challenged attorney. More recently, in *Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019), a non-precedential opinion, the court observed that it is "questionable at best" whether a plaintiff has standing to raise a conflict between defense parties and their counsel but again left the question open.

Decisions within the United States District Court for the District of New Jersey are decidedly mixed. Some courts have held that only a current or former client may seek disqualification based on a conflict of interest. *See Shire Lab'ys, Inc. v. Nostrum Pharms., Inc.*, No. 03-4436, 2006 WL 2129482, at *4 (D.N.J. July 26, 2006) ("a party does not have standing to bring a Motion to Disqualify based on a material conflict of interest unless the party is either a former or current client"); *High 5 Games, LLC v. Marks*, No. 13-7161, 2018 WL 2278103, at *5 (D.N.J. May 18, 2018) (describing plaintiff standing to raise a conflict entirely between defendants as "questionable"). Other courts in this District have reached the opposite conclusion, finding that adversaries may raise conflict-of-interest concerns. *See Essex Cnty. Jail Annex Inmates v. Treffingfer*, 18 F. Supp. 2d 418, 431 (D.N.J. 1998); *Infosphere Consulting, Inc. v. Habibi Life, LLC*, No. 19-15577, 2020 WL 4559138, at *3 (D.N.J. Aug. 7, 2020); *Est. of*

*Beczo ex rel. Beczo v. Port Lumber Corp.*, No. 23-133, 2024 WL 1743061, at *3 (D.N.J. Apr. 23, 2024). Notably, the more recent decisions in this District have trended toward permitting adversary standing. However, the Court need not resolve this question. Whether or not Plaintiff has standing, his motion fails on the merits for the reasons discussed below.

Before turning to the merits, the Court addresses one other threshold matter. Mr. Mankoff retired from the practice of law effective June 30, 2026, and no longer represents any party in this action. *See* Br. in Opp'n, D.E. 55, at 1; Br. in Opp'n, D.E. 56, at 8. Accordingly, to the extent Plaintiff's motion seeks disqualification of Mr. Mankoff personally from representing any Defendant in this matter, that request is moot.[3] The Court therefore limits its analysis to Plaintiff's argument under RPC 1.7.

**i. Disqualification Based on RPC 1.7**

RPC 1.7 governs conflicts of interest arising when an attorney concurrently represents clients with adverse interests. The rule provides as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client;

[3] Mr. Mankoff represents that he is no longer counsel for any party and thus there is nothing to disqualify him from. Pending the filing of a notice of withdrawal by August 31, 2026, *see supra* footnote 2, the Court accepts the representation. Therefore, the Court likewise need not address Plaintiff's argument under RPC 3.7. That rule prohibits a lawyer from acting as an advocate at trial where the lawyer is also a likely necessary witness. RPC 3.7(a). Plaintiff argues that Mr. Mankoff is a necessary witness regarding his knowledge of and involvement in the alleged conspiracy, and that his dual role as witness and advocate would confuse the jury and render the proceedings unfair. Mot. to Disqualify, D.E. 37, at 6-7. Because Mr. Mankoff has retired from the practice of law and no longer represents any party in this matter, the premise of Plaintiff's RPC 3.7 argument no longer exists, rendering that argument moot. To the extent Plaintiff argues that this conflict is "institutional" and extends to Marshall Dennehey, that argument fails because RPC 3.7 addresses only the individual attorney who would serve as both witness and advocate, not the firm as a whole. *See* Reply Br., D.E. 57, at 2; *Capps v. Dixon*, Nos. 19-12002, 20-1118, 2023 WL 8257995, at *6 (D.N.J. Nov. 28, 2023).

or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

RPC 1.7.

On a motion for attorney disqualification, the movant bears the burden of proving that an attorney has violated RPC 1.7(a). *Celgene Corp. v. KV Pharm. Co.*, No. 07-4819, 2008 WL 2937415, at *6 (D.N.J. July 29, 2008). The burden is considered especially heavy because, in this district, "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983)). Such disfavor results from the reality that motions to disqualify are sometimes made solely for "tactical reasons," and that even when they are made in good faith, motions to disqualify cause inevitable delay in the underlying proceedings and create added hardships to the opposing party. *Carlyle Towers*, 944 F. Supp. at 345 (citing *Dewey v. R.J. Reynolds Tobacco Co.*, 109 N.J. 201, 218 (1988)).

In determining whether to disqualify counsel, the court must "balance the competing

interests, weighing the need to maintain the highest standards of the legal profession against a client's right to freely choose his counsel." *Steel v. Gen. Motors Corp.*, 912 F. Supp. 724, 745 (D.N.J. 1995). Accordingly, the court must carefully scrutinize the facts giving rise to the alleged conflict. *High 5 Games*, 2018 WL 2278103, at *2.

Rule 1.7 arises out of the central premise that "attorneys owe a duty of undivided loyalty to their clients" and "[s]uch loyalty is diluted by attempting to represent clients with adverse interests." *Carlyle Towers*, 944 F. Supp. at 346 (quoting *Manoir–Electroalloys Corp. v. Amalloy Corp.,* 711 F. Supp. 188, 192 (D.N.J. 1989)). Assuming the movant has proven a violation of RPC 1.7(a), the burden then shifts to the non-movant attorney to demonstrate that his representation falls within the exceptions outlined in RPC 1.7(b). *Celgene*, 2008 WL 2937415, at *6. Because RPC 1.7(b) "is written with the conjunctive . . . [the non-movant] must satisfy all subsections of the rule." *In re Nolan*, No. 04-35987, 2006 WL 2085238, at *8 (Bankr. D.N.J. July 10, 2006). Additionally, consistent with the mandates of RPC 1.7, joint representation of multiple parties whose interests are potentially diverse is permissible only if "there is a substantial identity of interests between them in terms of defending the claims that have been brought against all defendants." *Hill v. N.J. Dep't of Corr.*, 342 N.J. Super. 273, 309 (App. Div. 2001) (quoting *In re Op. 552*, 102 N.J. 194, 204 (1986)).

Here, Plaintiff argues that a conflict under RPC 1.7 exists because "Mankoff's representation of other defendants is directly adverse to his own interests as a defendant." Mot. to Disqualify, D.E. 37, at 6. Plaintiff also asserts that Mr. Mankoff's personal interest in defending himself materially limits his ability to properly represent Defendants in this matter. *Id.* Specifically, Plaintiff alleges that "Mankoff cannot provide undivided loyalty to his new clients when his own freedom, professional reputation, and financial well-being are on the line."

*Id.* Due to this alleged conflict, Plaintiff further argues that under RPC 1.10, if Mr. Mankoff is disqualified from representing Defendants, no lawyer in the same firm may represent Defendants in this matter. *Id.* at 7. Thus, Plaintiff concludes that Marshall Dennehey may not represent any Defendants in this matter while also representing Mr. Mankoff and itself. *Id.*

The Court finds that no such conflict exists on this record. Nor has Plaintiff met his heavy burden of establishing that an attorney has violated RPC 1.7(a). *See Celgene Corp*, 2008 WL 2937415, at *6; *see also Alexander,* 822 F. Supp. at 1114. To the extent Plaintiff's claims against the Marshall Dennehey Defendants concern their conduct as attorneys in prior litigation in New Jersey Superior Court, that is distinct from his claims against the RCA Defendants. And although Plaintiff more broadly alleges that all Defendants, including the RCA Defendants, acted in concert to unlawfully remove him as a pastor, the interests of the Marshall Dennehey Defendants and the RCA Defendants in defending those claims are not directly adverse to one another. For example, no Defendant is asserting a crossclaim against any other. Br. in Opp'n, D.E. 55, at 10; Br. in Opp'n, D.E. 56, at 7. And because Plaintiff apportions the same degree of fault to each individual Defendant, all Defendants presumably share the same interest in defending themselves against Plaintiff's claims. D.E. 13, at 16 ¶¶ 93-98. In short, at this juncture in the litigation, there is no suggestion that any defendant's interests are adverse to those of any other defendant, such as to create a concurrent conflict of interest under RPC 1.7(a). Certainly, Plaintiff has not demonstrated that the interests of these two groups of Defendants are sufficiently adverse to warrant disqualification.

Even assuming a conflict existed under RPC 1.7(a), it would be waivable under RPC 1.7(b), and the record demonstrates that all Defendants have agreed to provide their informed written consent. Plaintiff's assertion that "a future promise [to sign a waiver] is not compliance"

with RPC 1.7 is unavailing. Although neither Defendants nor Marshall Dennehey P.C. concedes a conflict under RPC 1.7(a), nor has the Court identified one, they have agreed that Defendants will provide their informed, written consent. Br. in Opp'n, D.E. 55, at 8; Br. in Opp'n, D.E. 56, at 7. Courts in this district have found that consent by all defendants is dispositive of a motion to disqualify. *See High 5 Games*, 2018 WL 2278103, at *4. RPC 1.7(b)(1) does not specify a timeframe within which informed written consent must be obtained. The absence of any crossclaims and the substantial identity of interests among all Defendants in defending the underlying claims confirms that no non-waivable conflict exists here. *See Hill*, 342 N.J. at 309. Therefore, in the absence of a conflict under RPC 1.7(a), Marshall Dennehey P.C. may continue to represent all Defendants in this matter. However, in an abundance of caution, the Court will require Marshall Dennehey P.C. to secure each Defendant's informed, written consent in accordance with RPC 1.7(b) by August 31, 2026, and confirm same with the Court by that date.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to disqualify Howard Mankoff, Esq. and the Marshall Dennehey firm as counsel for Defendants, D.E. 37, is **DENIED**. The Court will issue an accompanying Order.

***s/ Michael A. Hammer***
**UNITED STATES MAGISTRATE JUDGE**

Dated: August 5, 2026